United States District Court
Southern District of Texas
FILED

SEP 24 2019

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. M-19-0865-S2 |
| ALBERTO DE LEON | § § § § | |

## 2nd SEALED SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### Count One

On or about April 29, 2019, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**ALBERTO DE LEON**

knowingly, having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely, in the 197th Judicial District Court, Willacy County, Texas, on November 26, 2012, in cause number 2012-CR-0071-A, for the offense of being in possession of a controlled substance to wit: Methamphetamine Penalty Group I, 200 grams or more but less than 400 grams, did knowingly and unlawfully possess in and affecting interstate and foreign commerce a firearm, namely, a FN America, Model Five-Seven, 5.7x28 mm caliber pistol.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### Count Two

On or about March 25, 2019, in the Southern District of Texas and within the jurisdiction of the court, the defendant,

**ALBERTO DE LEON**

knowingly made, and aided and abetted the making of, a false statement and representation with respect to information required to be kept in the records of Glick Twins, in Pharr, Texas, a federally licensed firearms dealer, in connection with the acquisition of a Beretta, Model 92A1, 9 mm caliber pistol, in that the defendant, ALBERTO DE LEON, aided and abetted CRYSTAL REYNAGA who, falsely represented on the Bureau of Alcohol, Tobacco, and Firearms Form 4473, that CRYSTAL REYNAGA was the actual buyer of the firearm described above, which statement was intended and likely to deceive the federally licensed firearms dealer as to a fact material to the lawfulness of the sale of the firearm, when in truth and fact the defendant knew that those statements and representations were false and that CRYSTAL REYNAGA was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

**Count Three**

On or about April 29, 2019, in the Southern District of Texas and within the jurisdiction of the court, the defendant,

**ALBERTO DE LEON**

knowingly made, and aided and abetted the making of, a false statement and representation with respect to information required to be kept in the records of Danny's Pawn, in McAllen, Texas, a federally licensed firearms dealer, in connection with the acquisition of a FN America, Model Five-Seven, 5.7x28 mm caliber pistol, in that the defendant, ALBERTO DE LEON, aided and abetted CRYSTAL REYNAGA who, falsely represented on the Bureau of Alcohol, Tobacco, and Firearms Form 4473, that CRYSTAL REYNAGA was the actual buyer of the firearm described above, which statement was intended and likely to deceive the federally licensed firearms dealer

as to a fact material to the lawfulness of the sale of the firearm, when in truth and fact the defendant knew that those statements and representations were false and that CRYSTAL REYNAGA was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

## Count Four

On or about March 30, 2019, in the Southern District of Texas and within the jurisdiction of the court, the defendants,

**ALBERTO DE LEON**

**and**

knowingly made, and aided and abetted the making of, a false statement and representation with respect to information required to be kept in the records of Glick Twins, in Pharr, Texas, a federally licensed firearms dealer, in connection with the acquisition of a Beretta, Model 92A1, 9 mm caliber pistol, in that the defendants, ALBERTO DE LEON and                , aided and abetted                 who, falsely represented on the Bureau of Alcohol, Tobacco, and Firearms Form 4473, that THERESA LUNA was the actual buyer of the firearm described above, which statement was intended and likely to deceive the federally licensed firearms dealer as to a fact material to the lawfulness of the sale of the firearm, when in truth and fact the defendants knew that those statements and representations were false and that              was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

## Count Five

On or about April 4, 2019, in the Southern District of Texas and within the jurisdiction of the court, the defendants,

ALBERTO DE LEON

**and**

knowingly made, and aided and abetted the making of, a false statement and representation with respect to information required to be kept in the records of Glick Twins, in Pharr, Texas, a federally licensed firearms dealer, in connection with the acquisition of a FN America, Model Five-Seven, 5.7x28 mm caliber pistol, in that the defendants, ALBERTO DE LEON and _____ , aided and abetted _____ who, falsely represented on the Bureau of Alcohol, Tobacco, and Firearms Form 4473, that _____ was the actual buyer of the firearm described above, which statement was intended and likely to deceive the federally licensed firearms dealer as to a fact material to the lawfulness of the sale of the firearm, when in truth and fact the defendants knew that those statements and representations were false and that _____ was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

### Count Six

On or about April 10, 2019, in the Southern District of Texas and within the jurisdiction of the court, the defendants,

ALBERTO DE LEON

**and**

knowingly made, and aided and abetted the making of, a false statement and representation with respect to information required to be kept in the records of Dynamic Tactical Solutions, in McAllen, Texas, a federally licensed firearms dealer, in connection with the acquisition of a FN America, Model Five-Seven, 5.7x28 mm caliber pistol, in that the defendants, ALBERTO DE

LEON and            aided and abetted            who, falsely represented on the Bureau of Alcohol, Tobacco, and Firearms Form 4473, that            was the actual buyer of the firearm described above, which statement was intended and likely to deceive the federally licensed firearms dealer as to a fact material to the lawfulness of the sale of the firearm, when in truth and fact the defendants knew that those statements and representations were false and that            was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

### Count Seven

On or about April 12, 2019, in the Southern District of Texas and within the jurisdiction of the court, the defendants,

**ALBERTO DE LEON**
**and**

knowingly made, and aided and abetted the making of, a false statement and representation with respect to information required to be kept in the records of Glick Twins, in Pharr, Texas, a federally licensed firearms dealer, in connection with the acquisition of a Beretta, Model 92A1, 9 mm caliber pistol, in that the defendant, ALBERTO DE LEON, aided and abetted            who, falsely represented on the Bureau of Alcohol, Tobacco, and Firearms Form 4473, that            was the actual buyer of the firearm described above, which statement was intended and likely to deceive the federally licensed firearms dealer as to a fact material to the lawfulness of the sale of the firearm, when in truth and fact the defendants knew that those statements and representations were false and that            was not the actual buyer of the firearm.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

### Count Eight

On or about November 3, 2018, in the Southern District of Texas and within the jurisdiction of the court, the defendant,

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, the Bureau of Alcohol, Tobacco, and Firearms, by stating to the Bureau of Alcohol, Tobacco, and Firearms Special Agents regarding a purchase of a Barrett, Model 82A1, .50 BMG caliber rifle, that she did purchase said rifle on behalf of her employer, Dr. Ben White, when in truth and in fact, the statements and representations were false in that

did not purchase the rifle on behalf of her employer, Dr. Ben White.

In violation of Title 18, United States Code, Section 1001(a)(2).

### NOTICE OF FORFEITURE
### 18 U.S.C. §922(g)(1)

Pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), the United States gives notice to defendants,

**ALBERTO DE LEON**

**and**

that upon conviction of a violation of Title 18, United States Code, Section 922(g)(1), all firearms involved in said violation are subject to forfeiture, including but not limited to the following:

a FN America, Model Five-Seven, 5.7x28 mm pistol; Serial Number 386357648

a FN America, Model Five-Seven, 5.7x28 mm pistol; Serial Number 386359571

a FN America, Model Five-Seven, 5.7x28 mm pistol; Serial Number 386363913

a Beretta, Model 92A1, 9mm pistol; Serial Number A209353Z

a Beretta, Model 92A1, 9mm pistol; Serial Number A209356Z

a Beretta, Model 92A1, 9mm pistol; Serial Number A209357Z

A TRUE BILL

_____
FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY